**STANDARD GUARANTY INSURANCE COMPANY, a Delaware Corporation, Plaintiff.**

v.

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Delaware Corporation, Defendant.**

**No. 91–835–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 18, 1991.

Carl Allen Goldman, Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, Fla., W. Eugene Rutledge, Rutledge Law Firm, Birmingham, Ala., for plaintiff.

David Thomas Knight, Hill, Ward & Henderson, Tampa, Fla., L. Graves Stiff,

Thomas L. Selden, Starnes & Atchison, Birmingham, Ala., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause comes before the Court on a transfer from Federal District Court, Northern District of Alabama, whence it arose. Before relinquishing jurisdiction, U.S. District Court Judge William M. Acker, Jr., entered and confirmed entry of default. Defendant, Fidelity & Deposit Co., moved for reconsideration. The motion remains pending and constitutes the issue at hand.

A motion for reconsideration gives a judicial officer a chance to rethink his ruling in light of new evidence or new law or an overlooked argument. It is, at heart, an opportunity to change one's mind. It reaches for justice over the administrative nicety of finality and recognizes that the ultimate goal is a correct result. Yet, here, the Court faces the unique opportunity to change Judge Acker's mind. The Court approaches the task cautiously. It is only after exhaustive review of the record, the rules, and the cases that this Court finds Judge Acker would not change his mind. The order at issue is not an abuse of discretion. Motion for reconsideration is denied.

## BACKGROUND FACTS

Plaintiff, Standard Guaranty Insurance, filed in Alabama state court a three count complaint of bad faith failure to settle, defend and breach of insurance contract against Defendant, Fidelity & Deposit Co. Plaintiff filed the complaint April 22, 1991, and perfected service on Defendant April 30. Under Alabama Rules of Civil Procedure, a defendant has 30 days to answer or otherwise respond to a complaint. On the 30th day after service, Defendant filed a notice of removal to federal district court.

Defendant believed Fed.R.Civ.P. 81(c) granted an extra five days, 35 in total, in which to respond to the complaint. Plaintiff thought the opposite and on the 34th day after service sought and received entry of default by the court clerk. On the 35th day, Defendant filed a motion to dismiss or, alternatively, a motion to transfer to Florida, the locus of the complaint's underlying facts. On the 36th day, Defendant moved to set aside the default, arguing its responsive pleading was proper and timely under Rule 81(c), any delay was due to inadvertence or mistake, and it had a genuine and meritorious defense to Plaintiff's claim. Defendant also sought Rule 11 sanctions for Plaintiff's application for default. On the 37th day, Plaintiff applied for entry of default judgment against Defendant for $205,319.81, plus interest, costs and punitive damages.

The parties gathered for a hearing June 11, 1991, before Judge Acker. The hearing centered on whether Rule 81(c) extended the 30-day period in which a complaint must be answered, or whether default was properly entered. On the day of the hearing, Defendant filed a "Supplement to Motion to Dismiss." On the signature line it appeared that a different hand had affixed the name of the attorney-of-record than had signed it to the initial motion.

Judge Acker's order and accompanying memorandum opinion of June 18, 1991, struck the motion to dismiss, confirmed the entry of default, denied Defendant's motion for sanctions, declared the supplement to motion to dismiss moot except for the request for transfer, and deferred final judgment until a jury trial on damages. The court struck the motion to dismiss because no attorney-of-record signed the paper in his own name, violating the signature requirement of Fed.R.Civ.P. 11, and the court's local rule demanding personal signatures.

The next day, Defendant refiled the motion to dismiss correcting the deficiency Judge Acker noted. The day after, Defendant moved for reconsideration of the order striking its response and confirming the default entry. Thereafter, Judge Acker granted the motion to transfer the matter to this venue. The motion for reconsideration remains pending.

## JURISDICTIONAL ISSUES

■ In surrendering jurisdiction to this Court, Judge Acker explicitly deferred res-

olution of the pending motion for reconsideration. However, faced with reviewing a court of coordinate jurisdiction's decision, this Court requested legal memoranda from the parties assessing the Court's authority to revisit Judge Acker's order. Defendant asserts this Court has the authority to reconsider the order of an Alabama Federal District Court because 1) the motion for reconsideration has not been ruled on by any court, and 2) both this Court and the Alabama Court have the power to change an interlocutory ruling. Plaintiff argues this Court has no authority to reconsider the underlying order because 1) a rehearing would amount to relitigation of a previously decided issue, and 2) the "rule of judicial comity" indicates transferee courts should not upset prior rulings of transferor courts. Plaintiff urges this Court to return the motion to Alabama and allow Judge Acker to reconsider his own order.

Judge Acker addressed and decided the issue at hand in a carefully analyzed and drafted opinion. His decision stands as the law of the case. "As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)).

"A disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3rd Cir.1982).

However, here it would be improper to return the undetermined motion back to Judge Acker for disposition. The point of law has been decided. The motion for reconsideration remains to be weighed by any court. And any interlocutory ruling may be reexamined for error in the interest of justice and economy.

It makes no sense to send back a single motion while retaining jurisdiction over the rest of the case. It further portends judicial disarray should district courts feel free to direct various parts of cases hither and yon. There is nothing to be gained and much to be lost by ignoring Judge Acker's transfer ruling in order to relieve this Court of jurisdiction over his dispositive order. "[E]xasperating for the litigants (and wasteful for all concerned) is a situation where, as here, the litigants are bandied back and forth helplessly between two courts, each of which insists the other has jurisdiction." *Christianson v. Colt Industries Operating Corp.*, 108 S.Ct. at 2178.

Courts justly decry forum shopping by parties seeking a second bite at the apple, but here the matter is far more simple; there is a pending motion with which this Court must deal.

The general rule is that when a district judge has rendered an order or judgment and the case is then transferred to the calendar of another judge, the successor judge should not overrule the earlier order or judgment. *Stevenson v. Four Winds Travel, Inc.*, 462 F.2d 899, 904–05 [5th Cir.1972]. This rule of thumb is by no means absolute. It is heavily accented by the principle of comity. As such, it should give way, if the need should arise, to the interests of justice and economy when those interests conflict with rigid adherence to the rule. The successor judge has the same discretion as the first judge to reconsider the order. As this court has said, deference should be given to the discretion of the successor judge:

It is certainly proper that, generally, one judge, in coordinate jurisdiction with another judge, should not overrule that other. But, as we read the cases, this matter is essentially one within the sound discretion of a trial judge conducting his court in the interest of furthering the administration of justice.

*United States v. Koenig*, 290 F.2d 166, 172 (5th Cir.1961) (footnotes omitted), *aff'd sub nom., DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

*Abshire v. Seacoast Products, Inc.*, 668 F.2d 832 (5th Cir.1982).

Further, as the Second Circuit held, albeit in a different instance, "The first judge always has the power to change a ruling.... If the first judge can change his mind after denying summary judgment, and change his ruling, a second judge should have and does have the power to do so as well." *Corporacion De Mercadeo Agricola v. Mellon Bank International*, 608 F.2d 43, 48 (2nd Cir.1979).

This Court finds it is within the legal exercise of its jurisdiction to rule on the pending motion.

This Court reviews the order mindful of the breadth of a trial judge's discretion and the fact that Judge Acker's opinion deserves all respect due to this Court's learned colleague. *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987) (factual basis for Rule 11 violations and specific sanction imposed reviewed on abuse of discretion standard). Recognizing a district court has wide discretion whether to alter or amend a judgment, *Binkley Co. v. Eastern Tank*, *Inc.*, 831 F.2d 333 (1st Cir.1987), and for all intents and purposes, the order at hand operates as a judgment of liability, the Court looks for palpable error.

## MOTION FOR RECONSIDERATION

In his memorandum opinion, Judge Acker pointed out the sole response to the complaint within the critical time period was the motion to dismiss filed on the last day of an extended period in which to avoid a default. No attorney-of-record signed the motion. Instead, the record counsel's partner signed the attorney-of-record's name to the document. Rule 11 expressly requires papers be signed by at least one attorney of record in the attorney's own name.[1] Judge Acker also has a standing rule requiring the personal signatures of attorneys-of-record on all court filings.[2] Here, no attorney signed his own name. One lawyer wrote *another* lawyer's name on the motion.

The opinion stated that as a matter of routine, Judge Acker consistently strikes papers not properly signed.[3] The practice

1. Rule 11. **Signing of Pleadings, Motions, and Other Papers, Sanctions.**

   Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall signed the party's pleading, motion or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavits. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certification by the signer that the signer had read the pleading, motion or other paper that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading motion or other paper is signed in violation of this rule, the court, upon its own motion, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

2. This Court operates under the same rule. Middle District of Florida Local Rule 1.05(d) provides:

   All pleadings, motions, briefs, applications and other papers tendered by counsel for filing *shall be signed personally* by such counsel as required by Rule 11, Fed.R.Civ.P. (Emphasis added).

3. Judge Acker obviously keeps apprised of relevant case law and applicable rules. His systematic striking of improperly signed pleadings seems foreshadowed by the Advisory Committee Comments to the 1983 Amendments to Rule 11 which states, in part:

   Rule 11 has provided for the striking of pleadings and the imposition of disciplinary sanctions to check abuses in the signing of pleadings....
   The new language is intended to reduce the reluctance of courts to impose sanctions [citation omitted] ... by emphasizing the responsi-

led to development of a standard order to strike filings not bearing the original signature of an attorney-of-record. The order cites as authority a 1986 publication for the Alabama Bar and *Pavelic & Leflore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989).

Here, however, striking a timely filed, yet improperly signed pleading throws Defendant into default.[4] The order saddles Defendant with liability without a chance to defend because its chosen counsel did not follow a basic rule of federal practice. Judge Acker acknowledged his strict application of Rule 11's signature requirement had not previously produced a party's default, until now. The rule itself allows parties to correct deficient filings. But deadline periods at play here foreclosed that opportunity. Defendant was in default with no chance to repair its failings when it first learned of the lacking signature.

The issue hinges on whether a standard procedure automatically striking pleadings should be eased when the practice results in real punishment. The Eleventh Circuit has suggested where lawyers operate under time constraints of their own making, looming deadlines do not excuse compliance with Rule 11. *Ortho Pharmaceutical Corp. v. Sona Distributors*, 847 F.2d 1512 (11th Cir.1988).

This Court finds that the attorney-of-record was on notice that failure to properly sign pleadings places a party at peril. By affidavit, Defendant's attorney-of-record acknowledges he knew the pleading was to be filed without his signature. Notice that improperly signed filings shall be stricken was available to all by the Georgia court's regular practice, extensive caselaw on the matter and even a cursory reading of the rule itself. *See, Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987) (Rule 11 alone may constitute sufficient prior notice of sanctions when the violation breaches the rule's explicit terms). In addition, Defendant attempted to invoke Rule 11 sanctions against plaintiff, leading Judge Acker to the logical presumption that counsel knew and understood the rule's clear requirements.

Moreover, counsel here delayed until the last possible day of a long filing period to respond to the complaint. Counsel offered no reason for the dilatory response to Judge Acker, nor to this Court. As Judge Acker pointed out, the removal notice was properly signed, and defendants commonly file responsive pleadings together with removal notices. Yet, counsel's own 11th-

bilities of the attorney and reenforcing those obligations....

....The standard is one of reasonableness under the circumstances [citation omitted]. This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation [citation omitted].

....The word "sanction" in the caption, for example, stresses a deterrent orientation in dealing with improper pleadings, motions or other papers.... And the words "shall impose" in the last sentence focus the court's attention on the need to impose sanctions for pleading and motion abuses. The court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well acquainted.

... Authority [to impose sanctions on the court's own motion] has been made explicit in order to overcome the traditional reluctance of courts to intervene unless requested by one of the parties. The detection and punishment of a violation of the signing requirement, encouraged by the amended rule, is part of the court's responsibility for securing the system's effective operation.

If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both and the new rule so provides.

4. In the same memorandum opinion, Judge Acker held that Rule 81(c) did allow the defendant five days from removal in which to answer the complaint, amounting to a total of 35 days when the removal was filed on the last possible day in state court. This state, unlike Alabama, requires a little more alacrity in that Florida court complaints must be answered within 20 days.

hour answer to the complaint created the situation he now laments.

Defendant argues counsel authorized the signature at issue and thus complied with the dictates of Rule 11. The argument holds no water. Two years before counsel decided to let his partner do the signing, the Supreme Court stated that "it is only the [attorney-of-record's] signature in *his individual name* that satisfies the first sentence of the Rule, and it is that signature, in that individual capacity, to which the later portions of the rule refer." *Pavelic & Leflore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 459, 107 L.Ed.2d 438 (1989) (emphasis in original). It is hard to misconstrue such clear language.

Defendant counsel also insists he could delegate to another the responsibility to sign his name despite the Rule's terms and lack of legal support for such a proposition. *Pavelic & Leflore* held that the trial court could not sanction a law firm even though the attorney-of-record signed his firm's name to filings. Obviously, a name partner has legal authority to bind the firm. But the Supreme Court considered and rejected the thought that agency and partnership principles might meet Rule 11. This is not common law liability but, "a rule that strikingly departs from normal common law assumptions such as that of delegatibility." *Id.* 110 S.Ct. at 459.

"[T]he purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegatable responsibility." *Id.* at 460.

Most recently, the Supreme Court returned to Rule 11, and explained the Rule:

> [S]ets up a means by which litigants certify to the court, by signature, that any papers filed are well founded. The first three sentences of the Rule explain in what instances a signature is mandatory. Sentence [1] states that where a party is represented by counsel, the party's attorney must sign any motion, pleading, or other paper filed with the court....
>
> ... The final two sentences describe the means by which the Rule is enforced.

Sentence [6] dictates that where a required signature is missing and the omission is not corrected promptly, the document will be stricken. Sentence [7] requires that sanctions be imposed where a signature is present but fails to satisfy the certification standard....

... [T]he signature of the attorney is mandated.

*Business Guides v. Chromatic Communications Enterprises, Inc.*, —— U.S. ——, 111 S.Ct. 922, 928–29, 112 L.Ed.2d 1140 (1991). The Court notes counsel had the benefit as well of *Business Guides* when filing the pleading at issue. *See also, White v. American Airlines, Inc.*, 915 F.2d 1414 (10th Cir.1990) (attorney's typewritten name not sufficient to satisfy Rule 11); *Robinson v. National Cash Register Co.*, 808 F.2d 1119 (5th Cir.1987) (each lawyer responsible must sign filing), *overruled in part on other grounds, Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988) (en banc) (once Rule 11 violation is found, court must impose sanctions); *but cf., Robinson v. City of Chicago*, 868 F.2d 959 (7th Cir.1989) (City of Chicago Corporation Counsel's signature not necessary on notice of appeal).

Nonetheless, Defendant's counsel continues to profess perplexity, insisting he sees nothing in Rule 11's text, nor any caselaw, requiring the attorney's *personal* signature. Such a position was unreasonable when the motion to dismiss was first filed, and remains unreasonable.

The Court recognizes striking the pleading in this case seals Defendant's default. Default here visits the counsellor's sins on the counsellee. However, a district court has discretion to apply the court's clearly stated rules, even where application produces strong effects. Otherwise, rules could be used only when they cause no pain. *See, e.g., National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Metropolitan Life Insurance Co. v. Estate of Cammon*, 929 F.2d 1220 (7th Cir.1991) (enforcing default by application of rules and timetables across the board may take place of lesser, custom-tailored sanctions);

*McKinney v. DeBord,* 507 F.2d 501 (9th Cir.1974) (appeal dismissed for failure of attorney to sign notice of appeal). Nothing suggests its drafters intended Rule 11 to be a mere reminder, calling for district courts to prompt lawyers into correcting fatal omissions. Rules are not only for those who understand them.

Finally, defendant's counsel asserts a penalty has been wrongly imposed on the client. Yet, a party cannot avoid the consequences of the acts of its freely selected representative. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962).

The Fifth Circuit in *Robinson* set forth its advice on the matter which this Court reproduces for the benefit of the bar:

> The text of the rule itself speaks in terms of signing both in making it a requirement to prevent a document from being stricken and in the corresponding representations associated with the signature. . . .
>
> .    .    .    .    .
>
> Counsel should be selective in the documents that they sign. Where responsibility for a suit is divided among several law firms or attorneys, *counsel would be well advised to make sure that the attorney responsible for the document is the one who signs it.* Alternatively, counsel may have several attorneys sign a document so that it is clear to the court exactly who is taking responsibility for it.

*Robinson v. National Cash Register Co.,* 808 F.2d at 1128–29 (emphasis added).

In the final analysis, either Rule 11 and local rules complementing it mean what they say, or they do not. Judge Acker found they meant what they said. This Court is not prepared to declare such a holding to be an abuse of discretion.

## PERMISSION FOR INTERLOCUTORY APPEAL

█ This Court realizes there is room for a difference of opinion on this matter and that despite the uniformity of decisions, there is no authority directly on point in the Eleventh Circuit or any other federal jurisdiction. Furthermore, given the procedural stance of this case, the question at hand involves a controlling question of law. Moreover, immediate review may alleviate needless time and expense should the appellate panel have another view of the breadth of a trial judge's discretion.

The Court notes proposed changes to Rule 11 would appear to require issuance of a show cause order before the trial court could, on its own motion, impose sanctions for any violation except the signing requirement. If adopted, the newly amended rule would indicate implicit disapproval of automatic application of rules like Judge Acker's. *See,* "Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure", Committee of Rules of Practice and Procedure of the Judicial Conference of The United States, 137 F.R.D. 53 (1991).

The proposed rule changes also carry forward language granting an opportunity to correct unsigned or improperly signed filings. Therefore, this Court finds the present issue is appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Accordingly, it is

ORDERED that Defendant's motion for reconsideration be denied.

ORDERED that the following question be certified for interlocutory appeal to the Eleventh Circuit Court of Appeals: WHETHER A REPRESENTED PARTY MUST BE GIVEN SPECIFIC NOTICE AND AN OPPORTUNITY TO CORRECT PLEADINGS SIGNED BY AN ATTORNEY–OF–RECORD'S PARTNER BEFORE THE PLEADING MAY BE STRICKEN.

DONE AND ORDERED.