**Frank Andre WARE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. 93–1172–CIV–T–17,
93–1173–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

April 4, 1994.

John S. McAvoy, Law Office of John S. McAvoy, Clearwater, FL, Anthony P. Gauthier, Thomas Patrick Howard, Law, Weathers & Richardson, Grand Rapids, MI, for Frank Andre Ware.

Frank Andre Ware, pro se.

Ruth Ann Ernst, U.S. Attorney's Office, Grand Rapids, MI, for Cliff Hedges.

Whitney L. Schmidt, U.S. Attorney's Office, M.D. Fla., Tampa, FL, Ruth Ann Ernst, U.S. Attorney's Office, Grand Rapids, MI, for U.S.

*ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11*

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Plaintiff's motion for sanctions under Federal

Rule of Civil Procedure (FRCP) 11 (Docket No. 108). Defendant's response to the motion (Docket No. 116) includes an expert's affidavit in support of its position (Docket No. 118) and a request for oral argument (Docket No. 119). For the reasons stated below, Plaintiff's motion for sanctions is denied, thus rendering Defendant's request for oral argument moot.

The facts and procedural history of this case are extensive, and, having been set forth in previous orders, will not be repeated here.

The issue of sanctions first arose in Plaintiff's response (Docket No. 97) to Defendant's motion for reconsideration (Docket No. 92) of this Court's order granting in part, and denying in part, Defendant's motion to dismiss (Docket No. 89). In the conclusion clause of the response, Plaintiff alleged that the "only object of this most recent motion, consistent with defendant's intention throughout the pleading stage, is to increase the plaintiff's cost of litigation, to harass the plaintiff and to cause unnecessary delay." As a result, this Court issued an Order to Respond (Docket No. 101), allowing the Plaintiff ten (10) days to file a proper motion with supporting documentation in support of Rule 11 sanctions.

## DISCUSSION

Defendant makes several arguments in opposition to Plaintiff's motion for sanctions. First, Defendant argues that Plaintiff's motion for sanctions was filed in violation of the applicable provisions of FRCP 11 because it does not comply with the Rule as amended December 1, 1993. Defendant argues that the motions which are the subject of the motion for sanctions were filed after December 1, 1993, and cites to the Orders of the Supreme Court, 146 F.R.D. 404 (1993), for the proposition that the amended rule governs all proceedings in civil cases commenced thereafter, as well as in all civil proceedings then pending as far as "just and practicable." Defendant's accompanying affidavit from Associate Dean Georgene Vairo, a recognized expert on Rule 11, also supports this position. Because Defendant's motions were filed after December 1, 1993, the expert opinion of Associate Dean Vairo is that Rule 11, as amend-ed, would apply. Additionally, Defendant also cites a recent case which addressed the application of amended Rule 11: "If both the conduct had occurred and the motion had been made after December 1, 1993, the court would have applied amended Rule 11." *Agretti v. ANR Freight System, Inc.*, Case No. 89–C–5492 (N.D.Ill. Feb. 14, 1994) (1994 WL 46670).

■ With due respect to Defendant and his expert, this Court disagrees with the position that amended Rule 11 applies. This case came to this Court in early 1993, and has consisted of a complex series of motions and pleadings. Its procedural history in Michigan, where it actually began in 1991, is no less complicated. Plaintiff's comments regarding sanctions in his reply brief referred to the Motion for Reconsideration, as well as to "Defendant's intention throughout the pleading stage" to increase the cost of litigation and to harass the Plaintiff. The fact that Plaintiff's formal motion for sanctions addressed only those motions filed after December 1, 1993, is not dispositive, since this Court issued the Motion to Respond based on Plaintiff's reference to Defendant's intention "throughout the pleading stage." This Court issued the Motion to Respond in order to allow Plaintiff the opportunity to address any motion filed in the case which he believed warranted sanctions. Since the majority of those motions were filed and ruled on prior to the amendment to Rule 11, there would have been no way for Plaintiff to comply with the new rule. Furthermore, since this Court issued the Order to Respond, it would be highly unfair to Plaintiff to require that he meet the requirements of the amended rule.

Additionally, as Defendant stated in his brief, the Orders of the Supreme Court call for the application of amended rule 11 to pending cases only where "just and practicable." The Supreme Court did not mandate that every motion for sanctions filed after December 1, 1993 be analyzed in accordance with the amended rule. Because this case has been ongoing for several years, and has a complex procedural history, this Court does not believe that it would be "just and practicable" to consider Plaintiff's motion for sanc-

tions under the new Rule 11, and thus declines to do so at this time. However, it should be noted that this decision is based on the facts of this case only, and applies to the instant motion only.

■ Defendant also argues that Plaintiff violated Rule 3.01(f), Local Rules of the Middle District, by sending a letter directly to this Court. Additionally, Defendant argues that Plaintiff also violated both Rule 1.05(d), Local Rules of the Middle District, and Fed. R.Civ.P. 11, by having another attorney sign his name for him on the motion for sanctions. These technical defects are enough in themselves to deny Plaintiff's motion. *See, e.g., Standard Insurance Guaranty Co. v. Fidelity and Deposit Co. of Maryland*, 140 F.R.D. 5, 6 (M.D.Fla.1991).

Defendant's second argument in opposition to Plaintiff's motion for Rule 11 sanctions is that the filing of the Motion for Reconsideration is not properly sanctionable conduct because such motions date back to common law, and his motion was not frivolous. The basis of Defendant's argument here is that he put forth a "new theory," even though a thorough reading of the statute the theory was based on shows it is clearly inapplicable to this case. Defendant also asserts that its analysis of controlling Florida law presented a new analysis of the case, and that because this case involves "relatively novel issues of fact and law in an FTCA setting," this Court should decline to impose sanctions.

Third, Defendant argues that his two related motions do not provide a basis for sanctions. Defendant claims its renewed motion to dismiss any purported claim under the FTCA in Case No. 93–1173 (Docket No. 93) was an attempt to simplify the litigation, and was legitimate because the two consolidated cases maintained a separate identity. Thus, even though the motion was filed before Plaintiff filed his amended complaint, Defendant is arguing that its motion was not frivolous or improper because the Plaintiff did file an amended complaint, Plaintiff never responded to Defendant's motion, and the procedural history of this case is complicated. Defendant claims its motion for Enlargement of Time (Docket No. 95) was not frivolous in light of the questionable issue as to whether the filing of a motion for reconsideration would toll the time to answer the amended complaint under FRCP 12(a). Defendant's argument is well-taken. It is clear that a timely motion for reconsideration will toll the time for filing a notice of appeal. *See, e.g., United States v. Ibarra*, — U.S. —, —, 112 S.Ct. 4, 5, 116 L.Ed.2d 1 (1991) (30 day limit to file notice of appeal does not begin until motion for reconsideration is decided). However, this Court could find no case law regarding the effect of a motion for reconsideration on the time allowed for answering an amended complaint. Thus, Defendant is correct in his argument that this is an unclear point of law, and his "abundance of caution" reasoning for filing the motion for enlargement of time is well-taken.

Defendant's arguments are persuasive. Even though the Court may not agree with Defendant's reasons, they establish good faith and a lack of an intention to abuse the judicial process. Plaintiff's motion, however, is a distinct contrast. Plaintiff offers no case law in support of his motion, and gives no specific reasons why Defendant's motions were frivolous or should not have been filed. Plaintiff simply makes conclusory allegations without support, and relies on the fact that this Court noted it was "inclined to agree" with Plaintiff's comments in his reply to Defendant's Motion for Reconsideration.

> [Q]uestions of whether an attorney made a good-faith argument under the law or whether the attorney interposed the pleading, motion or other paper for an improper purpose are more ambiguous and may require more specific notice of reasons for contemplating sanctions. *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987)

Here, Plaintiff has not given specific notice of reasons sufficient for this Court to consider imposing sanctions; conclusory statements are not enough, and this Court cannot make Plaintiff's arguments for him.

Because Plaintiff's request for sanctions is denied, it is unnecessary to address whether the expenses Plaintiff included in his motion are appropriate. Accordingly, it is

**ORDERED** that Plaintiff's motion for sanctions (Docket No. 108) be **denied,** and Defendant's motion for oral argument (Docket No. 119) be **denied** as moot.

**DONE** and **ORDERED.**